St. Louis & S. F. R. Co. v. Newell *et al.*

No. 1031. Opinion Filed January 11, 1910.

(106 Pac. 818.)

1. CORPORATION COMMISSION — Orders of Commission—Presumption. The prima facie presumption of the reasonableness, justness, and correctness of an order of the Corporation Commission, obtaining by reason of section 22, art. 9, of the Constitution, applies only to the facts found by the Commission, or established by evidence upon which the Commission failed to make a finding; and, where a fact material to the reasonable-

ness, justness, and correctness of an order is lacking in the finding of facts made by the Commission, and is not supplied by the evidence, the presumption obtaining by reason of said section does not apply, and on review in this court such order cannot be sustained.

2.    **RAILROADS—Order of Corporation Commission—Installing Telegraph Service—Reasonableness.** An order of the Corporation Commission, requiring a railroad company to install telegraph service at one of its stations for the sole purpose of bulletining its passenger trains, made without any findings of fact or evidence as to the extent of the passenger traffic at said station, or the amount or approximate amount of the receipts therefrom, held, error, where it was shown that such additional service would require an increase in the expenses of the company for maintenance of the station of from 75 to 100 per cent.

(Syllabus by the Court.)

. *Appeal from Corporation Commission.*

Action by the State and J. Q. Newell against the St. Louis & San Francisco Railroad Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

.. *W. F. Evans, E. T. Miller,* and *R. A. Kleinschmidt,* for plaintiff in error.—Citing: *A., T. & S. F. Ry. Co. v. State,* 23 Okla. 231, and *C., R. I. & P. Ry. Co. v. State,* 24 Okla. 370.

*Chas. West,* Atty. Gen., and *Geo. A. Henshaw,* Asst. Atty. Gen., for defendants in error.

HAYES, J. This appeal is from an order of the Corporation Commission, ordering appellant to establish and maintain telegraph service at the town of Jennings on its line of railway, and that all passenger trains be bulletined as heretofore ordered by the Commission. The order further directs appellant to repair and put in a serviceable condition a switch track at said station. No objection to this last provision of the order has been urged by appellant, and our consideration, therefore, will be directed to that portion of the order which requires appellant to establish telegraph service and to bulletin its passenger trains at Jennings. The conditions upon which a railway company may be reasonably and justly required to install and maintain a telegraph operator at one of its stations were held by this court in *C., R. I. & P. Ry. Co. v.*

*State et al.*, 24 Okla. 370, 103 Pac. 617, to be, first, that the safety and expedition of the train service, both freight and passenger, or either, require it; or, second, that the convenience to be afforded to the public by the railway company in the conduct of its freight and passenger service, or either, demands it. No contention is made in this case that a telegraph operator and station at Jennings are necessary for operation, safety, and expedition of appellant's train service, or that it is in any way necessary to a discharge of the business of appellant by its employees. The application for the order is based upon two alleged facts: First, that the railway company is under contract with the citizens of the town of Jennings to establish and maintain a depot at said station; and, second, that the convenience of the traveling public demands it. The facts found by the Commission upon which the order is made are that the citizens of the town of Jennings contributed approximately the sum of $4,000 for the purpose of building and equipping a depot and depot facilities on defendant's right of way in said town; that defendant maintained telegraph service at said depot for a period of some two or three years after the building thereof, but that said service had been discontinued for a period of about five months, and a station agent put in charge on a salary of approximately $35 per month; that it would require an extra expense of some $20 to maintain telegraph service, and that such service is reasonably necessary for the convenience of the traveling public and citizens of that place; that trains are not bulletined because of no telegraph service, and, the depot being situated about three-quarters of a mile from town, passengers are compelled to go that distance, and at times wait various lengths of time, from 1 to 12 hours, upon appellant's trains, which is a source of inconvenience to the traveling public.

The Commission failed to find, either definitely or approximately, the amount of appellant's freight and passenger receipts at Jennings, or to make any other finding that would indicate the extent of the passenger traffic at said place which demands the services its order requires. Both counsel for appellant and for

the state, however, concede in their briefs that the freight receipts at said station amount to between $500 and $800 per month, and there is evidence in the record in harmony with this concession. But there is an entire absence of any evidence tending to show the passenger traffic appellant receives at this place. The sole purpose for which this service is sought is to furnish convenience to the traveling public. It is not contended that it is necessary, or that it will prove to any advantage in the conduct and dispatch of the freight business of the company, or that it is necessary for the operation of its trains. So far as the record shows, the passenger traffic at this station may be 1 passenger per week or 500. We do not know. The evidence does establish the fact that inconvenience results to those passengers patronizing appellant at Jennings, on account of the failure of the company to bulletin its trains, and because its passenger trains are generally late, but these facts alone are not sufficient upon which to base an order requiring the company to make an additional expenditure of from $20 to $25 per month, in the absence of any showing as to the amount of such passenger traffic, or the extent of the receipts of the company from that portion of the traveling public for whom additional service is demanded.

On this question it was said in *C., R. I. & P. Ry. Co. v. State, supra*:

"Again, where the receipts at such stations will not justify the installing of such service, there being eliminated the question of the safety or expedition in the operation of trains, it would be unreasonable to require such service to be installed, creating a deficit at such station, to be borne by the receipts at a larger station, except in exceptional instances. The patrons of a large station, after the expenditures, for the reasonable maintenance of the station and a proper contribution toward the maintenance, equipment, and operation of the line, and the paying of a reasonable dividend on the investment, are entitled, if it be reasonably practical, to a reduction in rates; and, except as stated, it is unreasonable and unjust to require the large stations to contribute to pay deficits at small stations. If a sufficient number of persons take passage at a station during the year so that the passenger receipts will justify the additional expenditure of

St. Louis & S. F. R. Co. v. Newell *et al.*

having a telegraph office installed for the bulletining of trains, and such is reasonably necessary, it would then be reasonable and just to so require it. If the freight receipts at such office are sufficiently large to pay for the maintenance of the station and its agent, and contribute a reasonable *pro rata* towards the maintenance and operation of the line, and in addition thereto to pay the additional expenses, either solely or in connection with the passenger receipts, to install and maintain a telegraph office for the convenience of the patrons of said station, when reasonably necessary, it would be reasonable and just, otherwise not."

The sole purpose of this order is to secure the bulletining of appellant's trains at Jennings, for the information and convenience of the traveling public. But that a railroad cannot justly be required to bulletin its trains at every station, regardless of the amount of its passenger traffic, and without regard to the proportion between the income of the company from such traffic and the additional expense such service of the company would incur, has been recognized by the Corporation Commission of this state in its general order requiring railway companies of this state to bulletin their trains only at those stations where telegraph service has been installed. Appellant now conducts its business at Jennings at an expense of from $25 to $35 per month. To render the service required by this order by means of the telegraph will increase the expenses at this station from $20 to $25 per month, practically double its present expense. The only evidence upon which this additional expense is ordered to be incurred is that the lack of information of the time of arrival of trains by the public causes inconvenience to those who board its trains at that station. If the order in this case may be sustained as reasonable and just upon these facts, then telegraphic service for the purpose of bulletining of trains may be required at every station, however small the passenger traffic of any station may be. But the facilities afforded at any station to the general public must in a measure be commensurate with the patronage and receipts from that portion of the public to whom the service is rendered. Otherwise, not only would an injustice be done the railway company, which would be required to furnish the services

at a, financial loss, but the other portions of the general patronizing public would be required to pay an additional charge for the service rendered to them, over and above that necessary to pay the expenses of such services, and a fair and reasonable dividend on the investment of the railway company, in order to make up the deficit for the additional services required at such places. There should have been evidence and finding of fact as to the extent of the company's passenger traffic at its station at Jennings, and the amount, or the approximate amount, of the receipts therefrom. Without any evidence as to these matters we are unable to see how it could be determined that such a necessity or demand existed at this station as would justify an order for an additional service by the company, solely for the benefit of the traveling public boarding the trains of the company at this station, that incurs to the company a 75 to 100 per cent. increase in its expenses at that station.

The *prima facie* presumption that an order of the Corporation Commission is reasonable, just, and correct which obtains by reason of sections 22, art. 9, of the Constitution applies only to the facts found by the Commission, or that are . established by evidence upon which the Commission failed to find a material fact; and, where a fact material to the reasonableness, justness, and correctness of an order is lacking in the findings of fact made by the Commission, and is not supplied by the evidence, the presumption obtaining by reason of said section of the Constitution does not apply. *C., R. I. & P. Ry. Co. v. State, supra; M., K. & T. Ry. Co. v. State,* 24 Okla. 331, 103 Pac. 613. Upon the facts found by the Commission and upon the evidence disclosed by the record, the order herein as made cannot be sustained as reasonable and just.

Counsel for appellant, however, in his brief states that appellant is willing to give information as to the time of arrival of its trains, if it may be permitted to do so by some other method than that of the telegraph. He states that appellant "is willing to bulletin its trains, but it is not willing to incur the great expense necessarily incident to telegraphic service. If this

order were in the alternative—that is, if it required defendant to bulletin its trains at this station, whether by telegraph or telephone—there would be no objection to it, and this appeal would not have been prosecuted." This statement of counsel concedes that appellant can bulletin its trains at Jennings by a method which will not entail loss upon the company, and that the general patronizing public at that station are entitled to such service. If appellant can bulletin its trains by use of the telephone as effectively as by use of the telegraph, and can do so at a less expense, no good reason appears why it should not be permitted to use that method. The thing primarily desired is information to the public as to the arrival of appellant's trains. If this can be as effectually accomplished by a method cheaper than the one proposed in the order, and the difference in expense of such method will enable it to be done without imposing any unreasonable and unjust burden upon the company, or upon the general patronizing public, who in the end must pay the expenses of operating the railway, the order should be made for such service by° such cheaper means.

The order of the Commission is reversed, and the cause remanded.

All the Justices concur.