**TULSA TRIBUNE CO. et al. v. OKLAHOMA NATURAL GAS CO.**

No. 16563. Opinion Filed Sept. 13, 1927.

(Syllabus.)

1. **Corporation Commission—Public Utility Rates—Value of Property as Basis.**

In determining what is a fair and reasonable rate, it is essential that the Corporation Commission determine the value of the property of the public utility used and useful in serving the people.

2. **Same—Burden of Proof on Complainant Asking Special Rate.**

In a proceeding brought to abrogate such legal rate and to substitute therefor special rates in favor of some particular person, corporation, or locality, the burden rests upon the complainants to establish such uniform rates are unjust and unreasonable.

3. **Same—Gas—Denial of Special Rate on Account of Favorable Geographical Location—Order Presumed Reasonable and Just.**

An appeal from an order of the Corporation Commission wherein was denied an application for the creation of a special zone for the city of Tulsa on account of favorable geographical location, as applied to the source of natural gas used to supply numerous cities and towns, the order of the Commission is prima facia reasonable, just and correct by reason of section 22, article 9, of the Constitution, and the burden is upon the appellant to overcome that presumption.

Appeal from the State Corporation Commission.

Complaint by the Tulsa Tribune Company et al. against the Oklahoma Natural Gas Company, before Corporation Commission by petition for reduction of gas rates, for a temporary rate pending hearing, for establishment of zones as applied to the City of Tulsa. Petition denied as to temporary rates and zones and consolidated as to readjustment of rates, from which complainants appeal. Affirmed.

W. E. Disney, R. W. Stoutz, and John Wheeler, for plaintiffs in error.

D. A. Richardson and Ames, Lowe, & Cochran, for defendant in error.

RILEY, J. This cause of action was brought before the Corporation Commission by plaintiffs in error above named on behalf of themselves and all others similarly situated, inhabitants of the city of Tulsa and the surrounding towns of Dawson, Red Fork, and Turley. It is asserted in the application that Tulsa being located in a favorable geographical territory with respect to the natural gas fields of the state, and particularly the Osage Nation, from which the Oklahoma Natural Gas Company takes a portion of its gas, therefore, the city of Tulsa should be separated and segregated from other municipalities furnished by the transmission system of the respondent; that a zone should be created for the purpose of including therein that portion of the property used by the respondent in rendering service to Tulsa, and that the city of Tulsa be relieved from the burden of contributing any portion of the amount of money necessary to a reasonable return upon the property of respondent devoted to the general public service within the state of Oklahoma.

It is contended that the rate being charged by the respondent corporation, under its franchise, to gas consumers in the city of Tulsa is excessive, and that the earnings resultant from that portion of the property used and useful in the service of gas to the city of Tulsa is grossly in excess of a reasonable rate, and that a temporary rate of not more than 40 cents per M. cubic feet for domestic consumption and 15 cents per M. cubic feet for industrial purposes be established by an immediate order to that effect, and that on final hearing the Commission promulgate a fair and reasonable rate, based upon the geographical and physical advantagese njoyed by the ciay of Tulsa, such final rate to be calculated upon the cost of producing and acquiring such gas and the cost of delivery thereof to the consumers and omitting therefrom the necessity of contribution on the part of Tulsa toward any amount to constitute a reasonable return on property not used in the service of said city and towns similarly situated. Petitioners further prayed for a refund of all sums of money theretofore collected from said city in the form of excess rates since December 16, 1921

The Corporation Commission set the hearing for December 31, 1924, and gave notice to the respondent. Evidence was offered by the petitioners tending to support the allegations of the petition as to the amount of earnings in the city of Tulsa. The Commission took notice of the geographical location of Tulsa. The respondent offered no testimony, contending that the evidence offered by petitioners was based upon an erroneous assumption in that it had not taken into consideration a valuation of the respondent's production or transmission

property necessary to supply the city of Tulsa.

The Commission at the time of the hearing recited that for 15 months past it had been engaged in an effort to arrive at a fair and just conclusion with respect to rates to be charged by the respondent at the city gates of cities and towns supplied by that corporation. That on June 19, 1923, the Supreme Court handed down an opinion which reversed the Corporation Commission's Order No. 1886, which had established a gate rate of 25 cents per M. cubic feet for all cities and towns served by the Oklahoma Natural Gas Company, which opinion was filed after the Corporation Commission had been enjoined by the United States District Court for the Western District of Oklahoma from the enforcement of Order No. 1886. That the Supreme Court had fixed a gate rate of 38 cents for domestic purposes and 20 cents for industrial purposes, and that immediately thereafter the Commission had begun to re-value the properties of the Oklahoma Natural Gas Company throughout the state with the view of establishing a new rate to be charged all cities served by the respondent. That some 20 days had been consumed in taking testimony on the new matter by the Commission instituted, and that the trial of the cause had proceeded some ten or fifteen days prior to the filing of the petition herein.

The order of the Corporation Commission of January 5, 1925, concluded by consolidating the cause with cause No. 5965, then being considered by the Commission for a determination of a general rate schedule for all municipalities served by the respondent company.

The petitioners filed a motion requesting a specific and immediate ruling by the Commission: First, whether it would grant the prayer for an emergency rate; second, that the Commission make findings of fact as a predicate for appeal; third, to set aside the order of consolidation. On January 26, 1925, the Commission entered Order No. 2724, being a finding of fact and setting forth the Commission's view and theory of the correctness of the general gate rate principle as applied to the situation under consideration, and denying an emergency rate as applied to the city of Tulsa. Thereupon petitioners perfected their appeal.

Subsequently, and on December 28, 1925, the Commission promulgated Order No. 3276, in cause No. 5965, wherein the Com-

mission, in the consolidated matter, after a valuation finding, reduced the city gate rate for all municipalities served by the respondent through its Enid and general system, by causing to be made a rate of 35 cents per M. cubic feet, and ordering a deduction in like amount in distributing systems for domestic purposes effective January 1, 1926.

In the trial of this cause only one witness was produced, that one being a Mr. Grimes on behalf of petitioners, he having theretofore been an auditor for the Commission and an assistant auditor for the respondent company. He testified from a duplicate packet or annual report, secured from the offices of the respondent company, the original of which had theretofore been filed with the Commission but misplaced.

Mr. Grimes testified that during the year 1923, a total of 3,445,841 M. cubic feet of gas was sold by the Oklahoma Natural Gas Company in Tulsa for both domestic and industrial purposes, at an average rate of 45.97 cents per M. cubic feet, which produced a gross revenue of $1,593,920.79. He then undertook to determine the total cost of gas in Tulsa at the burner tip, and in undertaking to show what the cost of gas was he submitted a table as follows:

| | |
|---|---|
| General expense | $ .0205 |
| Producing expense | .0101 |
| Transmission expense | .9647 |
| Royalties | .0063 |
| Gas purchased | .0829 |
| Taxes | .0289 |
| Interest and other deductions | .0058 |
| Distribution expense | .0239 |
| Total cost at burner tip | $ .2331 |

Having thus determined that the total cost of the gas at the burner tip was 23 31 cents per M. cubic feet, Mr. Grimes testified that the cost of the 3,124,752 M. cubic feet of gas sold in Tulsa for domestic purposes, at 23 31 cents per M. cubic feet, was $728,379.69, which subtracted from the gross revenue produced by the sale of that much gas, to wit, $1,492,149.17, left a gross profit of $763,769.48. He then stated that, allowing the return fixed by the Supreme Court of Oklahoma on the value of the Tulsa distributing plant, the return for dividends and depreciation from the Tulsa distributing plant, to which the company was entitled, was $474,554.16, which subtracted from the actual gross profit of $763,769.48, made the return actually received excessive by $289,215 32, and he stated that he therefore deduced that the proper dis-

tribution rate in Tulsa was 38.05 cents per M. cubic feet.

The Commission found that the evidence offered by the witness was not sufficient within itself to be taken as a basis for the relief sought; that in calculating the cost of gas at the burner tip, the figures submitted included nothing but expenses based on assumed value of the distributing plant and not considering any allowance upon the production or transmission property.

The defect in the figures reported by Mr. Grimes is that he has confused the cost of gas to the Tulsa gate with the cost of gas to the production and transmission property. The latter named instrumentalities must maintain its property, pay taxes and sell gas to the distributing systems for sufficient sums to pay a reasonable return upon the value of the property and allow a reasonable sum for amortization and depreciation. The rate to produce that sum was said by this court in 1923 (Oklahoma Natural Gas Company v. Corporation Commission, 90 Okla. 84, 216 Pac. 917), to be 38 cents domestic and 20 cents industrial, per M. cubic feet, and reduced three cents for domestic purposes by cause No. 5965, Corporation Commission, December 28, 1925. So, in figuring an excess earning for the distributing plant of Tulsa, the figures used by Mr. Grimes omit the cost of the gas at the city gate.

In A., T. & S. F. Ry. Co. v. State, decided October 6, 1925, 115 Okla. 158, 241 Pac. 776, this court held:

"In a proceeding brought to abrogate such legal rates and to substitute therefor special rates in favor of some particular person, corporation, or locality, the burden rests upon the complainants to establish that such uniform rates are unjust and unreasonable."

Before the Commission could have said and before we can say that the rates charged the city of Tulsa are unjust, there must be a valuation for all property used and useful in the particular public service. The gate rate previously fixed was not taken as a basis for the relief sought, consequently a temporary order reducing the rates could not have been made unless it should be made to appear that the earnings of the company under the existing rates exceeded the amount theretofore held to be an adequate return on the investment. Such facts did not appear. Muskogee Gas & Electric Co. v. State, 86 Okla. 58, 206 Pac. 242; Oklahoma Gas & Electric Co. v. Corporation Commission, 83 Okla. 281, 201 Pac. 505; Oklahoma City v. Corporation Commission, 80 Okla. 194, 195 Pac. 498.

Under section 22, art. 1, of the Constitution:

" * * * The action of the Commission appealed from shall be regarded prima facie, just, reasonable and correct." A., T. & S. F. Ry. Co. v. Miller, 28 Okla. 109, 114 Pac. 1104; A., T. & S. F. Ry. Co. v. State, 28 Okla. 476, 114 Pac. 721.

We are of the opinion that, inasmuch as the Corporation Commission was in progress of a trial involving the value of the property used and useful in supplying gas to the city of Tulsa, together with other cities and towns, and in the absence of evidence that the respondent company was earning more than that allotted to it as a fair return on its valuation, the Commission was without authority to make a temporary rate in advance of a determination of the value of the property used.

The petitioners requested the Commission to take notice of the location of the city of Tulsa with respect to the gas fields. No evidence was adduced in respect to the feasibility of creating zone rate as prayed for by petitioners.

In the previous rate case applicable to the respondent company, resulting in Order No. 1886, the Commission found it impossible to fix zone rates and recited (14th Annual Report of the Corporation Commission of Oklahoma 1921, p. 391):

"It is impossible to allocate any particular gas wells, compressor stations and pipe lines of the Oklahoma Natural Gas Company to any certain towns or cities, and for that reason it is practically impossible to fix the rates of each town and city upon the basis of the value of any special and particular property used and useful in serving that particular town and city. The gas wells, gas leases, pipe lines and compressor stations furnish gas to all the various towns and cities; and gas is put into the line at both ends of the system and at many and various places between."

The Commission in its order of January 26, 1925, herein recited that the foregoing theory adopted in Order No. 1886 was the structure of rates it had applied to the Oklahoma Natural Gas Company, and that the principle should not be departed from except upon a full and complete hearing and that it was not justified in temporarily adopting zone rates under the meagre evidence before it. We agree that, in the absence of testimony showing what production and transmission property would be embraced by the use of the city of Tulsa, and the value of it, no order could be made making the city of Tulsa a unit for zoning purposes. In the record we find no evidence as to the proper

amount of property to be considered in a zone of the city of Tulsa, nor as to the value of any such property. We must of necessity, in the absence of evidence, hold that the order of the Commission in regard to a special zone district for the city of Tulsa is a proper one.

The order of the Corporation Commission is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 28 C. J. p. 581, §43; 12 R. C. L. p. 901; 4 R. C. L. Supp. p. 776; 5 R. C. L. Supp. p. 658; 6 R. C. L. Supp. p. 729. (2) 28 C. J. p. 578, §39 (Anno). (3) 28 C. J. p. 586, §47.