SOUTHWESTERN LIGHT & POWER CO. v. CITY OF ELK CITY.

No. 28075.    Nov. 12, 1940.

Rehearing Denied March 25, 1941.

*111 P. 2d 820.*

S. L. McElhoes and Leslie Pain, both of Chickasha, and V. E. McInnis, of Oklahoma City, for plaintiff in error.

Donald Royse, City Atty., of Elk City, and J. B. A. Robertson, Attorney for Corporation Commission, and E. S. Ratliff, both of Oklahoma City, for defendant in error.

WELCH, V. C. J.   The Corporation Commission, by its final order after trial, granted Elk City a judgment against Southwestern Light & Power Company for $6,173.92 as refund of overpayment for electric current for pumping city water between 1930 and 1935; and also

fixed a substantially lower rate as the future rate for such current.

Upon this appeal both such conclusions are attacked.

As to the judgment for $6,173.92 the controlling question is whether the Corporation Commission had jurisdiction of the subject matter and jurisdiction to render the particular judgment rendered.

Essential facts are that in 1926 Elk City and Southwestern Light & Power Company entered into a written contract providing that Elk City should use electric current for street lighting and operating its water pumping station, and Southwestern should install and maintain certain apparatus and furnish electric current at stipulated rates. The contract contained a provision which Elk City construed to mean that the rates should be reduced if Southwestern should thereafter grant lower rates to any other city under conditions similar to Elk City and having similar power load or consumption. The term of the contract was ten years, so that it was to expire in 1936.

After electric current had been regularly furnished by Southwestern and paid for by the city for nearly nine years, the city in 1935 filed this action or proceeding before the Corporation Commission.

The city's petition pleaded the written contract, and alleged that in 1930 and 1932 Southwestern had granted lower rates to other named cities for the pumping of city water, and that by reason of the aforementioned contract provision, and by reason of the establishing of more favorable rates for similar service in other such similar cities, Elk City had been overcharged between 1930 and 1935, in the sum of $6,173.92. The city sought a hearing and an order directing Southwestern to refund all sums collected in excess of the rate that should have been applied when the electric current was furnished.

It is clearly apparent from the petition of Elk City with exhibits, the method of trial of the issues, the statements of counsel during trial, and the detailed findings of fact and conclusions of the Corporation Commission, that this was in no sense an ordinary rate case, but was primarily an action or proceeding to compel performance of the written contract, or to recover a sum due for failure to comply with such contract. The contract was treated as a valid and binding contract and the rights of Elk City were determined upon the provisions of the contract. In effect, the judgment of the Corporation Commission construed the contract, determined that Southwestern had not complied with its contract, and in order to comply therewith should pay or refund to Elk City the claimed sum of $6,173.92. This was beyond the jurisdiction of the Corporation Commission. That body is one of limited judicial power. Atchison, T. & S. F. Ry. Co. v. Corporation Commission, 68 Okla. 1, 170 P. 1156; Smith v. Corporation Commission, 101 Okla. 254, 225 P. 708; Chicago, R. I. & P. Ry. Co. v. State, 158 Okla. 57, 12 P. 2d 494. Assuming the contract to be valid and binding and fully subject to the construction placed thereon by Elk City, then the city had some definite contractual rights as against Southwestern, but whatever rights Elk City had on this contract could only be prosecuted and recovered upon in the courts of general jurisdiction. Okla-Arkansas Telephone Co. v. Southwestern Bell Telephone Co., 143 Okla. 76, 291 P. 3; Central States Power & Light Corp. v. Thompson, 177 Okla. 310, 58 P. 2d 868; Smith v. Corporation Commission, 101 Okla. 254, 225 P. 708; Chicago, R. I. & P. Ry. Co. v. State, 158 Okla. 57, 12 P. 2d 494, and Atchison, T. & S. F. Ry. Co. v. Corporation Commission, 68 Okla. 1, 170 P. 1156.

While the Corporation Commission has complete authority and jurisdiction in rate-making cases to fix utility rates, and in proper cases may order refund of excessive rate collections over the legal rate, there is no authority to construe

542

contractual rights and to decree a right to a reduction by contract of the parties, or on account of their agreements, and thereupon to render judgment for a refund calculated on such a reduction. No constitutional or statutory provision or former decision to the contrary is cited.

It seems clear that a city in operating a waterworks system is acting in a proprietary capacity, and that in general its contracts for electric current used therein, and its contractual rights, are subject to the same rules applicable to contracts of other persons or corporations. See Fretz v. City of Edmond, 66 Okla. 262, 168 P. 800; Moomaw v. Sions, 96 Okla. 202, 220 P. 865, and City of Muskogee v. Turner, 186 Okla. 459, 98 P. 2d 1095.

As to that portion of the final order of the Corporation Commission fixing a reduced rate as the future rate for electric current for pumping water, there is not sufficient evidence nor such finding of fact as to form and constitute the necessary predicate for a valid rate order.

Here, in effect, the commission found that by virtue of the contract Elk City was entitled to the lower rate existing in the other named city and by comparison fixed such lower figure as the future rate for Elk City. It is now well settled that evidence and detailed findings of fact must precede a valid rate order. See Pioneer T. & T. Co. v. Westhaven, 23 Okla. 226, 99 P. 1019; Atchison, T. & S. F. Ry. Co. v. State, 23 Okla. 510, 101 P. 262; St. Louis & S. F. Ry. Co. v. Newell, 25 Okla. 502, 106 P. 818; Muskogee Gas & Electric Co. v. State, 81 Okla. 176, 186 P. 730; Oklahoma Natural Gas Co. v. Corporation Commission, 90 Okla. 84, 216 P. 917; Okmulgee Gas Co. v. Corporation Commission, 95 Okla. 213, 220 P. 28; Tulsa Tribune Co. v. Oklahoma Natural Gas Co., 126 Okla. 280, 261 P. 213.

No effort was made here to prepare the evidence to cover such necessary points, as is made clear by the record, including statements of the attorneys and witnesses. Since no such necessary

evidence was presented, nor any such essential findings of fact made, such rate order must be vacated.

Our conclusion is not intended in any manner to preclude or prejudice the right of Elk City to seek a proper hearing and a rate-making order in the usual way; nor to invade or restrict the jurisdiction of the Corporation Commission, upon proper hearing and findings, to properly fix this and any other rate in Elk City. This power to fix rates is not hindered by a contract rate. Any such contract fixing a rate falls when the Corporation Commission exercises its power by making a valid rate order. That has been expressly held. See City of Durant v. Consumers Light & Power Co., 71 Okla. 282, 177 P. 361; Shaffer Oil & Gas Co. v. Creek County Gas Co., 114 Okla. 258, 246 P. 630; Minneapolis, St. Paul & St. S. M. Ry. Co. v. Menasha Wood Ware Co., 159 Wis. 130, 150 N. W. 411, L.R.A. 1915F, 732.

The judgment and order appealed from is reversed.

BAYLESS, C. J., and OSBORN, GIBSON, DAVISON, and NEFF, JJ., concur. CORN, V. C. J., and RILEY and HURST, JJ., dissent.

RILEY, J. (dissenting). The order of the Corporation Commission, reversed by the decision of the majority, contained two features which if considered in connection with the record should lead this court to affirm the action of the commission.

The order fixed a legal rate chargeable to Elk City for the electric service rendered by the utility and ordered a refund for overcharge as measured, not by the contract, but by the rate so fixed.

The Corporation Commission has power and authority so to do. Section 3626, O. S. 1931, 17 Okla. Stat. Ann. § 121:

"The Corporation Commission is hereby vested with the power of a court of record to determine: First, the amount of refund due in all cases where any public service corporation, . . .

charges an amount . . . in excess of the lawful rate in force at the time such charge was made, or may thereafter be declared to be the legal rate which should have been applied. . . ."

This act was construed in Chicago, R. I. & P. Co. v. Brown, 105 Okla. 133, 232 P. 43, to give to the Corporation Commission "exclusive original jurisdiction" in such matters of excess charges.

It is my view that the contract existing between the city and the utility provided a rate in the absence of an order of the regulatory agency (American Indian Oil & Gas Co. v. Collins & Co., 157 Okla. 49, 9 P. 2d 438); that the contract rate forms a basis for reparations, not in an action in the district court, but before the Corporation Commission (Jefferson Deposit Co. v. Central Illinois Light Co., 309 Ill. 262, 140 N. E. 817; 51 C. J. 7, § 13); and that the utility bound itself, by its contract, subject to relief by the regulatory body, to furnish the service to Elk City as cheaply as it furnished such service to other cities similarly situated, but that measured by the record presented the utility overcharged, and did not apply its contract rate.

However, should it be considered that the contract existing between the city and the utility is a mere scrap of paper, then undoubtedly it will be conceded that under the act, supra, the Corporation Commission was empowered to determine "the legal rate which should have been applied," and after determining that rate, to order a refund for any overcharge. Such was the action of the commission.

The Corporation Commission is not limited to any particular theory or method in rate making. Standard Telephone & Telegraph Co. v. State et al., 177 Okla. 88, 58 P. 2d 121; American Indian Oil & Gas Co. v. Collins & Co., 157 Okla. 49, 9 P. 2d 438; Western Telephone Corp. v. Corporation Commission of Oklahoma, 176 Okla. 540, 56 P. 2d 899.

The Corporation Commission might properly take into consideration, as it did, the utility's written contract, and view rates for similar service furnished presumably at a profitable but lower rate. Then the commission might, as it did, valuate the facilities used and useful in the service at Elk City, and compare that figure ($6,887) both with the annual income for the service locally rendered ($6,852) and with the valuation, income, and rate existing in other cities similarly situated and served by the utility.

The Corporation Commission found that a rate not to exceed 1.4c per kwh in Elk City would be justified. That rate, applied to the consumption for the year 1934, would give a return of 80.9 per cent. per annum upon the investment (excluding attributable management costs), which seems sufficient.

Reparations ordered were not based on the contract rate, as might be inferred from the majority opinion—

| Contract rate: | Primary charge | $62.00 |
|---|---|---|
| First 5000 kwh | | .3c |
| Next 10,000 kwh | | 2.25c |
| Next 1000 kwh | | 1.75c |
| Excess | | 1.35c |

—but upon the rate fixed and based upon valuation, returns from the investment and comparisons. These rates were:

Sept. 1930 to Feb. 1932 per kwh    1.7c
(The same rate charged at Waurika)
Feb. 1932 to May 1935 per kwh    1.4c
(This was the rate prevailing at Chickasha)
For the first period the excess charged
was _____$1713.94
and for the second period the
over charge was _____ 4459.98
 _____
The total being _____$6173.92

By section 18, art. 9, Constitution of Oklahoma, the Corporation Commission is charged with the duty of regulating (as to charges, public duties and abuses) transmission companies within the state. Chicago, R. I. & P. Co. v. Brown, supra. By section 35, Const., the Legislature was empowered to amend by statute constitutional provi-

sions sections 18 to 34, art. 9, inclusive, so that by our decision, cited, the act first mentioned has the force and effect of a constitutional provision. It should be liberally construed.

In view of such a provision, I cannot bring myself, considering this record, to relegate to the district court a litigant seeking a rebate from an overcharge on a utility rate; or to suspend that litigant's rights by failure to determine whether or not the rate as fixed for purposes of the refund was valid.

After a careful review of the record I am convinced that the finding of fact made by the commission is supported by the evidence, and that under it the future rate, the past rate, and the refund of the overcharge, as ordered, should be sustained.

It was definitely decided in the case of Chicago, R. I. & P. Co. v. Brown, supra, that such an overcharge made by a public service company was cognizable by the Corporation Commission but not by the district court. The present opinion is to the contrary.

CORN, V. C. J., and HURST, J., concur.