## APPLICATION OF CENTRAL AIRLINES, Inc.

No. 32387.   Oct. 21, 1947.

*185 P. 2d 919.*

Savage, Gibson & Benefield, of Oklahoma City, and John G. Zevely and Theodore E. Wolcott, both of New York City, for American Airlines, Inc.

M. Floyd Green, James G. Welch, and Charles F. White, all of Oklahoma City, for Corporation Commission.

GIBSON, J.   This is an appeal by American Airlines, Inc., from an order of the Corporation Commission ordering the issuance of a certificate of public convenience and necessity authorizing Central Airlines, Inc., to operate aircraft furnishing intrastate service for the transportation of passengers and property, cargo, express and freight, or any of them, over certain designated routes in the State of Oklahoma.

The main issue before the commission and the one we consider to be determinative of the appeal is that of the jurisdiction of the commission in the premises.   There and here the jurisdiction is challenged upon two grounds: First, that the commission is without jurisdiction over air transportation. Sec-

ond, that if the commission has any jurisdiction it is without authority to grant the certificate issued herein.

It is recognized by the commission that under established law in this state (Southwestern Light & Power Co. v. City of Elk City, 188 Okla. 540, 111 P. 2d 820) its powers are limited and that it has only such jurisdiction as is expressly or by necessary implication conferred on it by the Constitution and statutes, and touching appellant's first proposition it is conceded that the source of the jurisdiction claimed is to be found in sections 18 and 34 of article IX of the Constitution. Section 18 and, the material part of section 34 are as follows:

"Sec. 18. The Commission shall have the power and authority and be charged with the duty of supervising, regulating and controlling all transportation and transmission companies doing business in this State, in all matters relating to the performance of their public duties and their charges therefor, and of correcting abuses and preventing unjust discrimination and extortion by such companies; and to that end the Commission shall, from time to time, prescribe and enforce against such companies, in the manner hereinafter authorized, such rates, charges, classifications of traffic, and rules and regulations, and shall require them to establish and maintain all such public service, facilities, and conveniences as may be reasonable and just, which said rates, charges, classifications, rules, regulations, and requirements, the Commission may, from time to time, alter or amend. . . "

"Sec. 34. As used in this article, the term 'transportation company' shall include any company, corporation, trustee, receiver, or any other person owning, leasing, or operating for hire, a railroad, street railway, canal, steam boat line, and also any freight car company, car association, express company, sleeping car company, car corporation, or company, trustee or person in any way engaged in such business as a common carrier over a route acquired in whole or in part under the right of eminent domain, . . ."

The aforesaid sec. 34 was amended by the Legislature in 1941, S. L. 1941, p. 546, sec. 5, to read as follows:

"Section 34. As used in this Article, the term 'transportation company' shall include any company, corporation, trustee, receiver or any other person owning, leasing or operating for hire a railroad, street railway, canal, steamboat line, and also any freight car company, car corporation, or company, trustee or persons in any way engaged in such business as a common carrier over a route acquired in whole or in part under the right of eminent domain, . . ." but such amendment is unimportant in our consideration and determination of the question involved.

It is the contention of appellant that the provisions of section 34, as amended specifying the various classes engaged in transportation, are definitive of the term "transportation company" as used in section 18, and thus preclude any implied jurisdiction of air lines.

It is the contention of the commission that by reason of the use of the words "shall include" preceding the various classes specified, such specific classes are an enlargement and, hence, do not negative jurisdiction of classes other than those specified coming within the term "transportation company".

As justifying its conclusion commission quotes the following from Achelis v. Musgrove, 212 Ala. 47, 101 So. 670:

" 'Include' . . . has . . . two shades of the same meaning. It may apply where that which is affected is the only thing 'included,' and 'it is also used to express the idea that the thing in question constitutes a part only of the contents of some other thing.' It is more commonly used in the latter sense."

And, after calling attention to the fact that later in section 34 there is declared "the term 'freight' shall be construed to mean any property transported or received for transportation, by any transportation company", there is quoted the following from Helvering, Com'r. etc., v. Morgan's, Inc., 55 S. Ct. 60, 293 U.S. 121, 79 L. Ed. 232:

"The terms 'means' and 'includes' are not necessarily synonymous. . . . The natural distinction would be that where 'means' is employed, the term and its definition are to be interchangeable equivalents, and that the verb 'includes' imports a general class, some of whose particular instances are those specified in the definition . . . This indicates that the particular is not necessarily a substitute for the general term, excluding more general meanings included within its scope."

And from American Surety Co. v. Marotta, 287 U. S. 513, 77 L. Ed. 466, there is quoted the following:

"Subject to the effect properly to be given to context, section 1 prescribes the constructions to put upon various words and phrases used in the Act. Some of the definitive clauses commence with 'shall include', others with 'shall mean.' The former is used in eighteen instances and the latter in nine instances, and in two both are used. When the section as a whole is regarded, it is evident that these verbs are not used synonymously or loosely but with discrimination and a purpose to give to each a meaning not attributable to the other. It is obvious that, in some instances at least, 'shall include' is used without implication that any exclusion is intended. Subsections (6) and (7), in each of which both verbs are employed, illustrate the use of 'shall mean' to enumerate and restrict and of 'shall include' to enlarge and extend. Subsection (17) declares 'oath' shall include affirmation. Subsection (19) declares 'persons' shall include corporations, officers, partnerships and women. Men are not mentioned. In these instances the verb is used to expand, not to restrict. It is plain that 'shall include' as used in subsection (9) when taken in connection with other parts of the section cannot reasonably be read to be the equivalent of 'shall mean' or 'shall include only.' "

On the strength of these holdings it is said:

"This defendant in error takes the position that Section 34 is not an all embracing definition of the term 'transportation company.' The use of the words 'shall include' in that section implies that it does not constitute an entire definition. The use of 'shall include' would not by necessary implication exclude forms of transportation companies other than those mentioned in the section. 'Shall include' is a term of enlargement rather than limitation or restriction. It 'connotes an illustrative application of the general principle.' "

We fail to see how the conclusion sought to be drawn from the authorities relied on can afford any predicate for the conclusion expressed as follows: "It purports to convey this meaning: these classifications which follow are some of the particular classifications which are found in a broad general class. But the particular types named are not all of the types." The authorities are relied on to establish that what follows the words "shall include" is an enlargement of the term "transportation companies." This, as declared in Maben v. Rosser, 24 Okla. 588, 103 P. 674, means there is attributed to the words "shall include" "an accumulative sense and as classing that which follows with that which has gone before." To the same effect many authorities are cited in Note Ann. Cas. 1912D, p. 637. Illustrative of the application of the rule there is said, in Blanck v. Pioneer Mining Co., 93 Wash. 26, 159 P. 1077, 1079, the following:

"But granting that the word 'including' is a term of enlargement, it is clear that it only performs that office by introducing the specific elements constituting the enlargement. It thus, and thus only, enlarges the otherwise more limited preceding general language, 'the actual expenses of the labor engaged,' by making it embrace not only 'the wages of the men and reasonable compensation for any teams used' (which the preceding general language alone would have embraced in any event), but 'also cost of board and lodging for men employed, cost of all fuel used, and a charge of twenty-five cents per miner's inch of eleven and one-half gallons for each twenty-four hours of water used in mining on said claim,' which the preceding general language

otherwise would not have covered."

It follows that the quality of enlargement can be applied to the words "shall include" only to the extent that the words following add something not included within the meaning of the term "transportation company" and, further, that to the extent the words following have reference to things within the meaning thereof they are necessarily qualifying words, and as such definitive. There is nothing in the cases relied on to the contrary of this view. The force of the holdings is that where "shall include" and "shall mean" are both used in the same act it reflects a discriminate use by reason of which one is not to be deemed a substitute for the other. There is nothing in the opinions to indicate that the words "shall include" may not be definitive where such is the plain import when the sections are considered as a whole.

Furthermore, the reason for the discrimination in the respective uses of "shall mean" and "shall include" in section 34 is apparent. By use of the word "mean" it is recognized that the word "freight" is sufficiently comprehensive to include the property thereafter named. The word "company" is of indefinite meaning (12 C. J. 220). And apart from the question whether it would be clearly inclusive of a corporate entity, receiver or trustee it would not by force of the language alone be inclusive of a person who as owner or tenant is engaged in transportation. If the words "shall mean" had been used the word "mean" in its literal sense would have been definitive of those of the designations coming within the meaning of the term "transportation company", but for it to have had the effect of bringing the said individuals, not theretofore within such meaning, within the class it would be necessary to construe the word "mean" as the equivalent of "include" to that extent. It is evident that the words "shall include" are the more appropriate to import into the class what was with-

out, as to which it is necessarily definitive, and, at the same time, be as fully effective as "shall mean" to define those included within the meaning of "transportation company".

If, following the words "shall include", there had been named only classes not embraced within the meaning of the term "transportation company", thus reflecting only an addition to those otherwise included in the term, it would afford support to the contention. But since by express terms there are named subjects within the meaning of the term such contention is foreclosed and it follows upon strength of the authorities relied on that the classes which are specifically named are to be read in connection with the meaning of the term "transportation company" which is general.

By the rule of construction known as "ejusdem generis", as declared in Board of Com'rs of Kingfisher County v. Grimes, 75 Okla. 219, 182 P. 897, "General words do not explain or amplify particular terms preceding them, but are themselves restricted and explained by the particular terms." This rule has no literal application in the instant case where the general words precede those of specification. But it does not follow that the same principle does not apply where, manifestly, the specific words have reference to the same subject-matter as that of the general words. That it does so apply is declared in 59 C. J. 980, as follows:

"So words of general import in a statute are limited by words of restricted import immediately following and relating to the same subject."

The underlying authority for such application is to be found in the ancient and generally accepted rule of construction known as "Noscitur A Sociis" (46 C. J. 496 and cases there cited) which, according to Broom's Legal Maxims, means: "The meaning of a doubtful word may be ascertained by reference to the meaning of words associated with it."

In discussing the maxim "ejusdem generis" the Supreme Court of Florida, in Ex parte Amos, 93 Fla. 5, 112 So. 289, following numerous cases cited therein, declared:

"The maxim is a mere specific application of the broader maxim 'noscitur a sociis,' which means that general and specific words which are capable of an analogous meaning being associated together take color from each other, so that the general words are restricted to a sense analogous to the less general."

The force of the juxtaposition of the words under the maxim "ejusdem generis' is that it shows that both appertain to the same subject-matter. Therefore, such position is not required where it is otherwise apparent that the words do so appertain. That they do pertain to the same subject-matter in the instant case is evident. Under force of the rule the meaning of the words "transportation company" is limited to those subjects following the words "shall include". That they are susceptible of such construction is recognized by the authorities cited. And the same is reflected in syllabus of Maben v. Rosser, supra, as follows:

"The word 'including' is the participle form of the verb 'include', which by Webster's Dictionary is defined in its primary sense to mean to confine within, to hold, to contain, to shut up, to inclose; by the Century Dictionary, to comprise as a part. The word has also been defined as having an accumulative sense and as classing that which follows with that which has gone before."

And, to the effect that the primary import of the words is to indicate restriction, it was said in Montello Salt Co. v. State of Utah, 221 U. S. 452, 55 L. Ed. 810, 815:

"The court also considered that the word 'including' was used as a word of enlargement, the learned court being of opinion that such was its ordinary sense. With this we cannot concur. It is its exceptional sense, as the dictionaries and cases indicate."

The rule is based upon the obvious reason that if the lawmakers had intended the general words to be used in their unrestricted sense they would have made no mention of the particular classes (59 C. J. 982, and cases cited).

In view of what has been said we deem it manifest that according to the applicable rules of construction the meaning of the words "transportation company" as used in section 18 is no broader than the subjects indicated in section 34 after the words "shall include". And in absence of some clear showing that such conclusion is contrary to the legislative intent, to which rules of construction must yield (Kansas City Southern Ry. Co. v. Wallace, 38 Okla. 233, 132 P. 908, 46 L.R.A., N.S., 112), such restricted meaning must be deemed to reflect the legislative intent. Under this construction, the express declaration of what is to be included leaves no room for enlargement through implication.

Considering the constitutional provisions as a whole and the attendant circumstances, we find nothing to indicate that said construction could be contrary to the intent of the framers of the Constitution. And considering the indefinite meaning of the term "transportation company", in view of that which it is declared to include, and that some definition was needed for guidance of the commission in the exercise of the powers granted, and that the Legislature was granted authority to expand the classes to which the power of the commission applied under the provisions of the Constitution (sec. 18, art. IX), thus contemplating the event of classes not then in mind, we are confirmed in the view that our construction is declaratory of the intent of the framers of the Constitution.

We hold that since aircraft transportation is not expressly nor by necessary implication included within the meaning of the words "transportation company" as used in the Constitution,

there was no grant of power to the Corporation Commission to exercise jurisdiction thereover.

In view of what has been said it is unnecessary to consider appellant's second proposition.

The findings and order of the Commission are reversed and the cause remanded, with instructions to dismiss the application of Central Airlines, Incorporated.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, and LUTTRELL, JJ., concur RILEY AND CORN, JJ., dissent.