COMPENSATION FOR PART-TIME EMPLOYEES
Two or more bona fide part-time employees in the court clerk's office may be paid from the court fund, as long as their employment is necessary for the operation of the court in the county, and the claims for the payment of their salaries are approved by the governing board of the court fund. Vacation pay for part-time employees of the court clerk's office may not be paid from the county court fund. The Attorney General is in receipt of your letter wherein you request an official opinion regarding the following two questions: "1. Does the law allow the court fund to pay for two or more part-time employees in the office of the court clerk, assuming that there is not a splitting of one job to employ two persons? "2. Are part-time employees such as described above entitled to a paid vacation at the expense of the court fund?" With regard to your first question, 20 O.S. 1304 [20-1304] (1971) provides for the expenses which may be paid from the court fund as follows: "(a) Claims against the Court Fund shall include only such expenses as may be lawfully incurred for the operation of the court in the county. Payment of the expenses may be made after the claim therefor is approved by the district judge who is a member of the governing board of the Court Fund and either the local court clerk or the local associate district judge who is a member of said governing board. "(b) The term 'expenses' shall include the following items and none others: (1) principal and interest on bonds issued prior to January 1, 1968 (19 O.S. 771 [19-771] through 19 O.S. 778 [19-778] (1970), inclusive); (2) compensation of bailiffs and part-time help; (3) juror and witness fees and mileage, as well as overnight accommodation and food expense for jurors kept together as set out in 28 O.S. 81 [28-81] (1961) et seq., except that expert witnesses who appear on behalf of the State of Oklahoma shall be paid a reasonable fee for their services from the court fund; (4) office supplies, books of record, postage and printing; (5) furniture, fixtures and equipment; (6) renovating, remodeling and maintenance of courtrooms, judge's chambers, clerk's offices and other areas primarily used for judicial functions; (7) judicial robes; (8) attorney's fees for indigents in the trial court and on appeal; (9) transcripts ordered by the court; (10) necessary telephone expenses; (11) any other expenses now or hereafter expressly authorized by statute. . . ." A plain reading of the preceding statute clearly authorizes the payment of "part-time help" which is necessary for the operation of the court in the county, and such expenditures may be paid only after the claim is approved by the governing board of the court fund, as defined, supra. The question of whether the "part-time help" as used in Section 20 O.S. 1304 [20-1304](b)(2) authorizes the employment of two or more part-time helpers, presents a question of statutory interpretation. The doctrine of noscitur a sociis has been accepted in the State of Oklahoma as a means of ascertaining legislative intent. Application of Central Airlines, Okl., 185 P.2d 919. The doctrine holds that the meaning of doubtful words may be ascertained by the reference to the meaning of words associated with it. Therefore since the term "bailiffs", as used in Section 20 O.S. 1304 [20-1304](b)(2), is used in its plural sense, then the term "part-time help" immediately following, should also be construed and presumed to have been used by the Legislature in its plural form. However, the employment of part-time help at the expense of the court fund is further subject to Attorney General's Opinion No. 70-237 which held in relevant part that: "In order to properly distinguish between what constitutes 'part-time' as opposed to 'full-time' help, it would be necessary to study the particular fact situation involved before making a determination. Each situation must be closely observed to insure that only part-time help is paid from the Court Fund. Circumvention of this obvious legislative intent must not be allowed. Monies from the Court Fund should not be used to pay the salaries of two part-time helpers where their duties could be adequately performed by one full-time helper. The Court Fund cannot be raided by splitting full-time helper jobs into part-time helper jobs. Employment practices which would indirectly accomplish what cannot be directly accomplished must not be tolerated." It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative. Two or more bona fide part-time employees in the court clerk's office may be paid from the court fund, as long as their employment is necessary for the operation of the court in the county, and the claims for the payment of their salaries are approved by the governing board of the court fund. In answer to your second question, there is no general authority for the payment during vacation of the salaries of part-time helpers in the court clerk's office to be found in 20 O.S. 1304 [20-1304](b)(2) (1971). Since the list of allowable expenses in Section 1304, supra, is exclusive then payments from the court fund shall be limited to those specifically enumerated, which does not include vacation pay for part-time employees. It is generally accepted that the term "compensation" connotes the reimbursement for services actually performed, as distinguished from gifts, bonuses, or other forms of gratuitous or voluntary payment. Spearman v. Williams, Okl., 415 P.2d 597, Matthews v. Board of Education of Town of Irvington, N.J.,106 A.2d 346. No other statute within the meaning of Section 1304(b) (11) expressly authorizes the vacation pay of parttime helpers in the court clerk's office. It is, therefore, the opinion of the Attorney General that your second question be answered in the negative. Vacation pay for parttime employees of the court clerk's office may not be paid from the county court fund. (Steven E. Moore)