COOPERATIVE PROGRAM OF EDUCATION The provisions of 70 O.S. 5-117 [70-5-117] (1971), as amended, do not authorize two boards of education to enter into a joint program whereby the 7th and 8th grades would be taught in one of the school districts since the joint programs authorized by such statute relate to courses of instruction and practical instruction and do not include entire grades. The Attorney General has considered your request for an opinion wherein you ask the following questions relative to 70 O.S. 5-117 [70-5-117] (1971), as amended: "1. May two boards of education legally enter into a cooperative program for the 7th and 8th grades to be taught in one of the public schools? "2. If your answer to the first question is in the affirmative, may one of the school districts provide either a teacher or funds for a teacher to assist in teaching pupils in the district wherein the 7th and 8th grades are enrolled?" The relevant provisions of Section 70 O.S. 5-117 [70-5-117] to which you direct our attention read as follows: "Provided, that the boards of education of two or more school districts may enter into cooperative agreements and maintain joint programs, including, but not limited to, courses of instruction for handicapped children, courses of instruction in music and other subjects, practical instruction in driver training courses, and health programs, including visual care by persons legally licensed for such purpose, without favoritism as to either profession." Your first question calls for an interpretation of the term "joint programs." Specifically, we are asked to determine whether the conduct of the 7th and 8th grades may be considered a "joint program" within the meaning of Section 70 O.S. 5-117 [70-5-117] so that such grades may be conducted in one school district on behalf of pupils of the other school district entering into the agreement. 82 C.J.S. Statutes, 332, states in part: "Under the rule of construction known as 'ejusdem generis,' where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated." The Supreme Court of Oklahoma in Application of Central Airlines, 185 P.2d 919 (1947), applied the rule of ejusdem generis in construing a statute where the general term preceded specific terms. In the syllabus by the court it is stated: "The rule of construction under ' ejusdem generis ' which is to the effect that general words do not explain or amplify particular terms preceding them but are themselves restricted and explained by the particular terms is, under the rule of 'noscitur a sociis,' applicable where the general words precede the specific terms, when it is manifest that such particular terms have reference to subjects embraced within the meaning of the general words." Under the above authorities, the rule of ejusdem generis, when applied to the provisions of Section 5-117 calls for the conclusion that the general term "joint programs" is limited in its meaning to the kind of programs which are enumerated. That is, since the specific terms refer exclusively to courses of instruction and practical instruction, the term "joint programs" must be construed as including only courses of instruction and practical instruction and may not be construed as including entire grades. Our response to your first question makes unnecessary a response to your second question. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The provisions of 70 O.S. 5-117 [70-5-117] (1971), as amended, do not authorize two boards of education to enter into a joint program whereby the 7th and 8th grades would be taught in one of the school districts since the joint programs authorized by such statute relate to courses of instruction and practical instruction and do not include entire grades. (Joe C. Lockhart)