ATCHISON, T. & S. F. RY. CO. v. CORPORATION COMMISSION et al.

No. 303.    Opinion Filed Sept. 11, 1908.

(98 Pac. 330.)

**PROHIBITION—When Writ Granted—State Corporation Commission.**
In an application for a peremptory writ of prohibition to pro-
hibit the State Corporation Commission from taking jurisdic-
tion in a cause pending before it, where the complaint states.
facts sufficient to confer jurisdiction on the commission, it will
be presumed that the commission will act within the jurisdiction
conferred by law, even where the principal relief prayed for may
be beyond its control.

(Syllabus by the court.)

Application by the Atchison, Topeka & Santa Fe Railway
Company for a writ of prohibition against the Corporation Com-
mission and others.    Writ denied.

*Cottingham & Bledsoe,* for plaintiff.

*Charles West, Atty. Gen.,* and *George A. Henshaw, Asst.
Atty. Gen.,* for defendant the Corporation Commission.

*George & Campbell,* for defendant the Bartlesville Interurban
Railway Company.

KANE, J.    This is an original proceeding by the plaintiff, the
Atchison, Topeka & Santa Fe Railway Company, a corporation,
against the defendants, the Corporation Commission of the state
of Oklahoma, J. E. Love, J. J. McAlester, and A. P. Watson, com-
missioners, and the Bartlesville Interurban Railway Company, a
corporation, praying that a certain proceeding pending before the
Corporation Commission wherein the Bartlesville Interurban Rail-
way Company, a corporation, was complainant, and the Atchison,
Topeka & Santa Fe Railway Company was defendant, should be
dismissed for want of jurisdiction of the Corporation Commission
over the subject-matter of the action.

The complaint filed in the proceeding before the Corporation
Commission states, in substance, that the Bartlesville Interurban

Railway Company is a corporation duly and legally organized under and by virtue of the laws of the state of Oklahoma, and its place of business is at Bartlesville, in Washington county, in said state; that it is engaged in building and constructing an electric street and interurban railway along and over the streets of said Bartlesville, and thence to the town of Dewey, in said county, and along and over the streets of said town of Dewey; that said complainant made application to said Atchison, Topeka & Santa Fe Railway Company for permission to build its railway across said defendant's right of way and tracks where the same crosses Third street in said city of Bartlesville and said railway company refused to grant said permission upon such terms as are reasonable and just as between said complainant and said defendant. The complaint then sets up the alleged unreasonable demands made by the railway company upon said complainant, and closes with the following prayer:

"Wherefore, the complainant prays that the aforesaid defendant company be required to answer the charges herein, and that, after due hearing and investigation, an order be made commanding said railway company to permit said complainant to build its railway across the tracks of said defendant railway company at the point of intersection of said Third street under such terms and conditions as the honorable Corporation Commission of Oklahoma may deem equitable and just to both parties herein, and for such other and further orders as the commission may deem necessary and just in the premises."

Upon filing this complaint the Corporation Commission assumed jurisdiction, issued notice, and the plaintiff herein appeared and filed its plea to the jurisdiction of the Corporation Commission, which plea was promptly overruled, and the hearing proceeded over the protest of the plaintiff. Whereupon it commenced this proceeding, praying for a writ of prohibition.

It seems to us that, in view of the facts disclosed by the pleadings and the statement of the Attorney General in oral argument, the issuance of a peremptory writ of prohibition at this time would be unwarranted. The Corporation Commission has jurisdic-

tion to determine the character and kind of crossing which should be made at the point of intersection of these two railways, and to prescribe the plans and specifications necessary to insure the safety and convenience of the general public. The complaint and prayer are broad enough to justify supervision to this extent, and it was not error for the Corporation Commission to assume jurisdiction for such purpose. The Attorney General on oral argument stated that the foregoing was what the Corporation Commission really intended to do, and that it did not intend to act in the premises in excess of its jurisdiction. As there are facts stated in the complaint sufficient to confer jurisdiction, it is to be presumed that the Corporation Commission will not proceed beyond the performance of its duty as prescribed by law, even if the complaint may pray for relief over which the commission has no control. The assurance of the Attorney General, who is its official legal adviser, that it will not, is a sufficient guaranty that no jurisdiction will be exercised in the matter pending, except that conferred by law.

The writ of prohibition is therefore denied, and the cause dismissed at the cost of plaintiff.

All the Justices concur.