**BUTTRAM ENERGIES, INC., Appellant,**

v.

**CORPORATION COMMISSION OF the STATE OF OKLAHOMA and Global Gas Corporation, Appellees.**

**No. 53602.**

Supreme Court of Oklahoma.

June 2, 1981.

Rehearing Denied June 29, 1981.

Richard K. Goodwin, Oklahoma City, for appellant.

Richard K. Books, Watson, McKenzie & Moricoli, Oklahoma City, for appellee Global Gas Corp.

Harvey Cody, Conservation Atty., Corporation Commission, Oklahoma City, for appellee Corp. Commission.

IRWIN, Chief Justice:

On April 7, 1977, the Corporation Commission issued a pooling order (Order No. 128576) pursuant to an application made by Global Gas Corporation (Cause CD No. 47801) pooling the interests in a 640-acre drilling and spacing unit (Section 23, Township 3 North, Range 11 East, Coal County, Oklahoma). The order named Global Gas as operator; fixed $25.00 per mineral acre as a fair and reasonable payment in lieu of the right to participate; gave owners ten days to elect to participate or to accept the in lieu payment; gave owners electing to participate 20 days within which to pay their proportionate share of the costs; directed Global Gas to make in lieu payments within 30 days of the order date to owners who did not elect to participate; and provided that Global Gas "shall commence the drilling of the test well within 90 days from the date of this order and shall drill the test well to completion with due diligence or provisions of this order shall be null and void except as to the payments as provided for."

Global Gas timely completed a producing well. Appellant, a mineral owner who appeared at the hearing on Cause CD No. 47801 and who received a copy of the resulting pooling order, failed to make an election to participate. Global Gas tendered the required in lieu payment to appellant 24 days beyond the period established by the order for payment to non-participating owners.

Appellant neither returned the compensation tendered by Global Gas nor tendered its proportionate share of the well costs, but on July 19, 1978 filed a pooling application with the Corporation Commission seeking permission to participate in the producing well completed by Global Gas some 15 months earlier. Appellant alleged that it

was one of the owners attempted to be forced pooled by the 1977 pooling order but that Global Gas had failed to pay the in lieu payment within the time prescribed and that such order was ineffective as to its mineral interest. Appellant requested the Commission to issue a pooling order, fix the value of its leasehold interest and permit it to participate in the unit well which Global Gas had drilled.

The Commission dismissed the application with prejudice and appellant appealed.

Global Gas contends the time of payment of the in lieu payment was immaterial because the pooling order created a debtor-creditor relationship between it and appellant and that appellant was entitled to the payment even if the unit well had not been drilled. Global Gas argues that appellant may not be permitted to participate now because it did not exercise its option within the time allowed by the pooling order.

The Commission had the authority to amend, modify or supplement its 1977 pooling order if the evidence had disclosed there had been a substantial change of conditions or a substantial change in the knowledge of conditions existing in the area since the 1977 pooling order was issued. 52 O.S. 1971, § 112. *Phillips Petroleum Company v. Corporation Commission*, Okl., 482 P.2d 607 (1978). Appellant did not attempt to show the required change but proceeded on the theory the 1977 pooling order became ineffective as to its interest by operation of law for failure to pay the prescribed in lieu payment.

The authority to determine whether the 1977 pooling order was still effective as to appellant's interest was incidental to the Commission's authority to determine whether or not appellant's application to re-pool should be approved or denied. The failure of Global Gas to make the in lieu payment within the time prescribed by the pooling order did not render the pooling order ineffective as to appellant's interest. Since appellant did not elect to participate, the obligation of Global Gas to pay the in lieu payment became fixed, and appellant was entitled to the in lieu payment whether Global Gas did or did not drill the unit well.

Since the 1977 pooling order was still operative and there was no evidence submitted that would justify its modification, the commission's order is affirmed.

AFFIRMED.

BARNES, V. C. J., and HODGES, LAVENDER, and OPALA, JJ., concur.

DOOLIN, SIMMS and HARGRAVE, JJ., concur specially.

DOOLIN, Justice, concurring specially:

I concur with the majority in this case when it affirms the order of the Corporation Commission, but I doubt the reason given by the majority is sound. The statutory power of the Corporation Commission to regulate the exploration and development of oil and gas is not questioned but such power, to me, must be exercised under sound and legal principles incorporated within the Act (52 O.S. 1971 § 81 et seq.) and our system of jurisprudence.

We deal with a unique situation for Global Gas (developer) has failed to make payment of the stipend in lieu of owner's right to participate within the usual 30-day period defined by the order. Likewise the mineral owner, Buttram, failed to notify Global of its willingness to participate and failed to pay its proportionate costs of the expenses of exploration and development as defined by the order.

Mineral owners in this case chose to do nothing until an obvious producer was on the horizon and to me this amounts to an estoppel by laches, or perhaps even a violation of the clean hands doctrine. In any event the mineral owner has no right to demand a "free ride to production" without the assumption of risks of development.

Under the facts and circumstances of this case, the mineral owner *must*, when the in lieu payment is not made within the conditions set forth in the order, act or seek modification of the forced pooling within a reasonable time, and this usually within the 90-day conditional time for commencing the well. Such a party is not entitled to petition for rights to participate as if no order had ever issued with reference to the subject well.

Admittedly, such procedure as suggested would present certain problems, but none that are insurmountable within sound legal or equitable principles existing.

I am authorized to state that SIMMS and HARGRAVE, JJ., support this dissenting position.