**HUNTON OIL & GAS CORPORATION, Appellee,**

v.

**ATCHISON, TOPEKA AND SANTA FE RAILWAY CO., Appellant.**

No. 66134.

Court of Appeals of Oklahoma, Division No. 3.

March 3, 1987.

As Corrected on Denial of Rehearing April 7, 1987.

Certiorari Denied May 27, 1987.

Hugh D. Rice, Rainey, Ross, Rice & Binns, Oklahoma City, for appellant.

Ken Whinery, Oklahoma City, for appellee.

BAILEY, Judge:

This case comes on for review of a Corporation Commission forced pooling order, wherein the Corporation Commission declined to exercise jurisdiction over a dispute between Appellant and Appellee as to use of Appellant's property. Appellee Hunton Oil & Gas Corporation is the owner of 79.3 leasehold acres in Logan County Oklahoma, and sought to lease .7 acres owned by Appellant Atchison, Topeka & Santa Fe Railway under the railroad's right of way to form an 80 acre unit. When negotiations failed, Appellee sought a forced pooling order from the Commission forcing Appellant to elect to participate in the unit development, or in lieu of participation, to accept a cash consideration and royalty. The Appellee properly filed its application, published notice and gave actual notice to Appellant of its application. Appellant filed no objection to the Appellee's application, and filed no other pleading with the Commission seeking alternative relief.

Before the Hearing Officer, however, Appellant introduced evidence of accidents (or near accidents) which had occurred on railroad right of way between trains and oil field transport trucks. One such accident occurred in 1976 about 75 miles away from the site in question, and involved loss of life and substantial property damage. A near accident at a railroad crossing adjacent to the site for which pooling was sought was averted in 1982 when a track inspector found an oil field transport truck "high centered" on the railroad crossing and radioed an on-coming train of the impediment in time to stop. Based on this evidence, and invoking the Commission's statutory and constitutional power of railway regulation, Appellant sought the Commission's order directing Appellee to obtain the prior written consent of Appellant to use the railway right of way by Appellee in entering and leaving Appellee's well site.

After hearing argument, the Hearing Officer granted the Appellee's application, but found that the Corporation Commission had no jurisdiction in the pooling matter to grant the requested relief of Appellant. The Hearing Officer also found that Appellant had failed to give notice of its requested relief, had failed to timely object to the spacing request of Appellee, and had failed to formally request the relief sought. Based on these findings, and on hearing of Appellant's exceptions, the denial of Appellant's relief was affirmed; the Corporation Commission en banc adopted the findings of the Hearing Officer, and Appellant seeks review.

The precise question on review is whether, on Appellee's application for a forced pooling order, the Corporation Commission had the power or jurisdiction to consider and/or grant the request of Appellant to compel Appellee to obtain written permission to use the Appellant's right of way land included in the pooling order. As this case presents a novel question, we must examine the powers of the Corporation

Commission in general to determine whether the Corporation Commission could rightfully grant Appellant's relief.

■ The Corporation Commission is a tribunal of limited jurisdiction and has only such jurisdiction and authority as is expressly or by necessary implication conferred upon it by the Constitution and statutes of this state. Okla. Const. Art. IX, § 18; *Merritt v. Corporation,* 438 P.2d 495 (Okl.1968); *Chicago R.I. & P. Ry. Co. v. State,* 158 Okl. 57, 12 P.2d 494 (1932). The function to be served under the statutes concerning oil and gas conservation by the Corporation Commission is to protect the public rights in the development of production of oil and gas. *Samson Resources Co. v. Corporation Commission,* 702 P.2d 19 (Okl.1985); *Tenneco Oil Co. v. El Paso Natural Gas Co.,* 687 P.2d 1049 (Okl.1984). On the other hand, the powers of the Commission when dealing with railways and railway crossings is similarly limited to providing a safe public crossing as the provision of a safe crossing relates to ensuring that the railroad's public duties are performed. Okla. Const. Art. 9, § 18, supra; 17 O.S.1981 § 81 et seq.; *Atchison, Topeka & Santa Fe R. Co. v. State,* 683 P.2d 974 (Okl.1984). Ultimately, however, the Corporation Commission has NO jurisdiction to determine private disputes between a regulated industry and a private individual outside the limits of its powers. *See, Chicago R.I. & P. Ry. Co. v. State,* supra, (no jurisdiction to direct railway to construct private railway crossing); *McDaniel v. Moyer,* 662 P.2d 309 (Okl.1983) (no jurisdiction to determine title to property); *Lear Petroleum Corp. v. Seneca Oil Co.,* 590 P.2d 670 (Okl.1979) (no jurisdiction to enter money judgments against any party). The proper forum for resolution of private disputes is in the District Court. *Tenneco, supra; Samson, supra.*

■ The dispute between Appellant and Appellee over the use of railroad right of way for ingress and egress from the Appellee's well site is predominantly a private dispute between the parties, which the Commission has no jurisdiction to determine. *Chicago R.I. & P. Ry. Co.,* supra. Just as the Court in that case determined that the Commission was without jurisdiction to direct the construction of a private railroad crossing for adjoining landowners, we hold that the Commission was without jurisdiction to force the Appellant and Appellee to enter an agreement for the use of the railroad right of way.

Ultimately, on review of Corporation Commission matters, this Court will not reverse if it finds that the Corporation Commission has regularly pursued its authority, and that the Commission's findings and conclusions are sustained by law and substantial evidence. *Application of Southwestern Bell Tel. Co.,* 575 P.2d 624 (Okl.1978). In the case before us, we find no evidence to justify Commission intervention into the private dealings of the parties, or to warrant the exercise of the Commission's constitutional jurisdiction over public transportation, and hold that the rulings of the Corporation Commission are consistent with the laws of this State.

The order of the Corporation Commission is therefore AFFIRMED.

HANSEN, P.J., and HUNTER, J., concur.