**INEXCO OIL COMPANY, Appellant,**

v.

**OKLAHOMA CORPORATION COMMIS-SION, Ward Petroleum Corporation and Nova Energy Corporation, Appellees.**

No. 64455.

Supreme Court of Oklahoma.

July 6, 1988.

Rehearings Denied Nov. 29, 1988.

Certiorari Denied by the United States Supreme Court April 24, 1989.

John J. Morozuk, Oklahoma City, for appellant Inexco Oil Co.

Robert N. Barnes, Monte E. Johnson, Stack & Barnes, P.C., Oklahoma City, for appellee Ward Petroleum Corp.

William C. Anderson, Albert J. Givray, R. Robert Huff, Doener, Stuart, Saunders, Daniel & Anderson, Tulsa, for appellee Nova Energy Corp.

DOOLIN, Chief Justice.

The question we address today is whether the Corporation Commission, by repooling a previously pooled 640 acre drilling and spacing unit, made an error law and exceeded its jurisdiction. We answer in the affirmative.

The Corporation Commission, in Order No. 197226, created a 640 acre drilling and spacing unit and named eight common sources of supply underlying Section 23, T12N, R14W, Custer County, Oklahoma. Inexco (operator) obtained Order 260474 force pooling the spacing unit and the eight common sources of supply "as a *unit*, and the rights and equities of all oil and gas owners covered hereby are pooled, adjudicated, and determined." [emphasis added] The *order* required the owners to either participate by paying their share of the costs of drilling and completing the well or elect to accept a bonus. The owners could accept a cash bonus of $1,250 per acre plus an overriding or excess royalty of 1/16 of 8/8, or a non-cash bonus of an overriding or excess royalty of 1/8 of 8/8. Ward Petroleum accepted the cash bonus. Vierson Oil & Gas, Nova Energy's predecessor in interest, accepted the non-cash bonus. The order named Inexco as the operator.

Inexco drilled the Wolfe # 1–23 in the Des Moines common source of supply. Inexco planned to drill an increased density well in this same formation. A dispute arose between Inexco and Ward as to where this increased density well should be located. Ward applied to the Corporation Commission to repool Section 23 and the eight named common sources of supply, and also sought to be designated the operator. Inexco filed an application asserting its status as the operator. Both applications were consolidated for hearing. The Hearing Officer concluded Order 260474 force pooled the well-bore, not the unit; that Section 23 and five named sources of supply, including the Des Moines, should be repooled; and named Ward as operator and Nova as alternate operator. The Commission, sitting en banc, upheld the Hearing Officer's report and issued Order 277146. From this Commission order Inexco timely appeals.

Inexco correctly states the standard of review: absent an assertion of a violation of a constitutional right, our review is confined to a determination of whether the Commission exceeded its authority and whether the findings of the Commission are sustained by the law and by substantial evidence. Okla. Const. Art IX, § 20, cl. 3. We find, first, an error of law, and second, the Corporation Commission exceeded its jurisdiction by issuing Order No. 277146.

## I.

█ The Hearing Officer found Order No. 260474 force pooled the well-bore, not the unit. This clearly was erroneous. The order force pooled the entire unit, not just the well-bore. *Amoco Production Co. v. Corporation Commission*, 751 P.2d 203, 206 (Okl.Ct.App.1986) (Adopted by the Supreme Court Feb. 9, 1988). Order No. 260474 required Ward and Vierson, Nova's predecessor in interest, to participate in the costs of drilling and completing Wolfe # 1–23 or accept a bonus in lieu of participation. Ward and Vierson elected to accept a bonus. Once the election period passed, the property interests of the affected parties vested. *Ranola Oil Co. v. Corporation Commission*, 752 P.2d 1116, 1119 (Okl.1988). Once vested, the property rights of the parties were beyond the reach of the Commission's power to modify. *Id.; Crest Resources v. Corporation Commission*, 617 P.2d 215, 218 (Okl.1980). By accepting the bonus, Ward assigned its exploratory rights to Inexco, the operator, and can assert no right to participate in the subsequent increased density wells. Similarly, Nova, as Vierson's successor in interset, can assert no right to participate in the subsequent increased density wells. *Ranola*, 752 P.2d at 1119. Once the bonus was paid, Inexco's property rights vested. *Id.*

## II.

█ The Corporation Commission acted in its adjudicatory capacity when it issued Order 277146. *Amoco*, 751 P.2d at

207; *Harry R. Carlile Trust v. Cotton Petroleum,* 732 P.2d 438, 442 (Okl.1986). When acting in its adjudicatory capacity, the Commission is to be treated as the functional analogue of a court of record, *Monson v. State, ex rel. Corporation Commission,* 673 P.2d 839, 842 (Okl.1983), and is a tribunal of limited jurisdiction. *Hunton Oil v. Atchison, T & S.F. Ry. Co.,* 738 P.2d 191, 193 (Okl.App.1987); *Tenneco Oil Co. v. El Paso Natural Gas,* 687 P.2d 1049, 1050 N.1 (Okl.1984). A question concerning jurisdiction may be raised at any time by the parties and by the Court on its own motion, which rule applies to orders and decrees of the Corporation Commission. *Tenneco,* at 1052. A pooling order when free from vitiating infirmity, is *res judicata,* but some terms of a prior pooling order may be modified upon changed conditions. *Crest Resources,* 617 P.2d at 218 n. 4; *Buttram Energies v. Corporation Commission,* 629 P.2d 1252, 1254 (Okl. 1981). The power to change a previous order requires a showing before the Commission of a change in conditions or knowledge of conditions necessitating the repeal, amendment or modification. Failure to make such a showing renders an attempt to modify a prior order subject to the prohibition on collateral attacks set forth by the Legislature in 52 O.S. 1981, § 111. *Nilsen v. Ports of Call Oil Co.,* 711 P.2d 98, 102 (Okl.1985).

■ Here, when the Commission issued Order 277146, it, in effect, vacated Order 260474 by repooling the unit and by naming Ward as the operator and Nova as the alternate operator. Ward and Nova offered no evidence of changed conditions, or of an infirmity in the original pooling order. By repooling section 23, absent changed conditions or an infirmity in the original pooling order, the Commission exceeded its statutory authority. Inasmuch as we dispose of this appeal on the question of statutory grounds, it is not necessary for us to decide whether, in light of *Ranola,* Ward or Nova had standing as bonus takers to apply to the Commission for repooling order issued by the Commission, which required another selection to either participate or accept a bonus in lieu of participation, divested Inexco of its property rights in violation of substantive due process. It is enough that the Commission exceeded its jurisdiction and, as a result, Order 277146 cannot stand.

Corporation Commission Order No. 277146 is REVERSED.

HARGRAVE, V.C.J., and HODGES, LAVENDER, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, J., concurs by reason of stare decisis.