SKZ, INCORPORATED, Appellant,

v.

Mary Jane PETTY, Ray B. Petty, D. Vernon Camp, Steven R. Russell, Redco Energy, Inc. Sunshine Exploration and the Corporation Commission of the State of Oklahoma, Appellees. (Three Cases).

Nos. 68037, 68117 and 68118.

Supreme Court of Oklahoma.

Nov. 14, 1989.

---

David E. Pepper, Mark A. Donaldson, Conner L. Helms, Linn & Helms, Oklahoma City, for appellant SKZ, Inc.

Guy E. Taylor, Ames, Ashbranner, Taylor, Lawrence, Laudick & Morgan, Oklahoma City, for appellee Betty Duncan Croy.

Robert J. Emery, William B. Rogers & Associates, Oklahoma City, for appellee Redco Energy, Inc., et al.

DOOLIN, Justice.

The Corporation Commission ("Commission"), by order Nos. 191528 and 211490, created a 640 acre drilling and spacing unit naming thirteen common sources of supply, including the Marchand, underlying Section 13. T9N, R11W, Caddo County, Oklahoma. Thereafter, Towner Petroleum Company ("Towner"), predecessor in interest to SKZ, Incorporated ("SKZ") filed an application to pool the interests and adjudicate the rights and equities of the leasehold interest owners. The Commission issued Order No. 224432, which pooled the interests in the common sources of supply. However, because this order did not include all the necessary parties the Commission issued Order No. 231312 pooling the remaining interests.

Pursuant to these orders, the interest owners were given an option of either participating in the development of the unit, by sharing in the costs of drilling and operating the well, or not participating and accepting a bonus. Owners who chose not to participate were given three options. The first option was to receive a $2,000 per acre cash bonus plus an overriding royalty of 1/16 of 8/8. The second option for the owners was to receive a $1,600 per acre cash bonus plus an overriding royalty of 3/40 of 8/8. Finally, the owners had the option to receive an overriding royalty of 1/8 without a cash bonus.

The appellees elected not to participate in the proposed Stevens No. 13-1 well, but elected to receive a bonus in lieu of paying their share of drilling and completion costs.

Thereafter, the Stevens No. 13-1 well was completed as a commercial producer in the Marchand common source of supply by Towner. Following the successful completion of the Stevens No. 13-1, Towner applied to the Commission to drill three increased density wells in the Marchand Formation. As a result, the Commission issued Order No. 237579 which allowed the drilling of the Stevens No. 13-2, 13-3 and 13-4 wells.

Appellees filed applications with the Commission to adjudicate the rights and equities of the leasehold interest owners in the increased density wells. The applications resulted in the issuing of Commission Order Nos. 306469, 307103 and 307104, which are the subject of this appeal.[1] The orders allowed the owners to participate in the increased density wells despite having elected not to participate in the original test well and receiving a cash bonus and/or overriding royalty. In other words, the Commission held Order Nos. 224432 and 231312 pooled only the wellbore, the Stevens No. 13-1, and not the entire spacing unit. From these orders, SKZ timely appeals.

The main issue presented in this appeal is whether the Commission has statutory authority to force pool by the wellbore instead of force pooling by the drilling and spacing unit. We must also interpret the language of the initial pooling orders in Section 13.

Appellees argue that because the original orders, Nos. 224432 and 231312, allegedly pooled the wellbore, any alteration would constitute a collateral attack on those orders and deprive appellees of procedural due process. Appellees further allege that such alteration would be an unconstitutional taking of private property for private use in violation of Art. II, § 7 and § 23 of the Oklahoma Constitution.

An appeal from an order of the Corporation Commission rests solely in the Oklahoma Supreme Court.[2] If the appeal asserts a violation of constitutional rights,

---

1. Case Nos. 68,037, 68,117 and 68,118, companion cases by order of the Supreme Court.

2. Okla. Const. Art. IX, § 20. cl. 2.

the Supreme Court shall exercise its own judgment on questions of both law and fact.[3] However, this Court will determine constitutional questions only if necessary to adjudicate the rights of the parties.[4] Because we are able to resolve the issues in this appeal on other grounds, we do so.

■ The decision of the Commission allowing appellees to participate in the increased density wells was erroneous. The Court of Appeals recently addressed the same issue in *Amoco Production Co. v. Corporation Commission.*[5] The opinion was later adopted by this Court. Order Nos. 224432 and 231312 pooled the entire unit, not just the wellbore.[6] The decision of the Commission does not follow the pooling statutes our legislature enacted.[7] The appellees in *Amoco*, as here, argued that 52 O.S. 1981, § 87.1 does authorize pooling by the wellbore.[8] To the contrary, the statute clearly requires pooling the "spacing unit as a unit".[9] The rule announced in *Amoco* clearly shows the Commission exceeded its authority by holding Order Nos. 224432 and 231312 pooled only the wellbore and not the entire drilling and spacing unit.[10]

■ Appellees contend that the express language of Order Nos. 224432 and 231312 show the Commission's intent to pool only the wellbore, and thus any alteration of the meaning of these orders by this Court would constitute a collateral attack on those orders in violation of 52 O.S. 1981, § 111. Specifically, both orders state the words "unit well". Appellees argue this language indicates the orders' wellbore scope. This argument must fail. In both *Inexco* and *Ranola* pooling orders in dispute referred to "the well" in singular form. In those cases, as here, it was argued that the language indicated wellbore pooling. In both cases the orders were held to pool the entire unit.[11] The addition of the word "unit" in front of "well" in the instant case does not warrant distinction. The purpose of our pooling statutes is to pool the interest owners' rights to the oil and gas in the named common sources of supply underlying the unit. The actual hole or holes in the ground used to extract the oil and gas cannot be given effect as individual units, therefore, we interpret the word "well", as used in Order Nos. 224432 and 231312, to mean the oil and gas underlying the pooled unit, regardless of the number of wells needed to extract the minerals. We hold the use of the words "unit well" does not distinguish Order Nos.

---

3. Okla. Const. Art. IX, § 20, cl. 3. *See also, Carter Oil Co. v. State*, 205 Okl. 541, 240 P.2d 787 (1951); *Anderson–Prichard Oil Corp. v. Corporation Comm'n*, 205 Okl. 672, 241 P.2d 363 (1951), cert. denied, 342 U.S. 938, 72 S.Ct. 562, 96 L.Ed. 698; *Atchison, Topeka & Santa Fe Ry. Co. v. State*, 692 P.2d 554 (Okl.1984); *Ranola Oil Co. v. Corporation Comm'n.*, 752 P.2d 1116 (Okl. 1988).

4. *Ranola*, at 1118; *Dablemont v. State*, 543 P.2d 563 (Okl.1975); *Schwartz v. Diehl*, 568 P.2d 280 (Okl.1977).

5. 751 P.2d 203 (Okl.Ct.App.1986) (Adopted by the Supreme Court Feb. 9, 1988); *See also, Inexco Oil Co. v. Corporation Commission*, 767 P.2d 404 (Okl.1988), cert. denied, — U.S. —, 109 S.Ct. 1943, 104 L.Ed.2d 414 (1989); *Ranola Oil Co. v. Corporation Commission*, 752 P.2d 1116 (Okl.1988).

6. *Amoco*, at 206; *Inexco*, at 405.

7. *Amoco*, at 205.

8. 52 O.S. 1981, § 87.1 provides: "... When two or more separately-owned tracts of land are embraced within an established spacing unit ... the owners thereof may validly pool their interests and develop their lands as a unit. Where, however, such owners have not agreed to pool their interests and where one such separate owner has drilled or proposes to drill a well on said unit to the common source of supply, the Commission, to avoid the drilling of unnecessary wells, or to protect correlative rights, shall upon proper application therefor and a hearing thereon, require such owners to pool and develop their lands in the *spacing unit* as a *unit*. All orders requiring such pooling ... shall be upon such terms and conditions as are just and reasonable and will afford to the owner of such tract in the unit the opportunity to recover or receive without unnecessary expense his just and fair share of the oil and gas." [emphasis added].

9. *Amoco*, at 206.

10. *Amoco*, at 208.

11. *Inexco*, at 405; *Ranola*, at 1119.

224432 and 231312 from the orders in dispute in both *Inexco* and *Ranola,* and therefore, the orders pooled the entire drilling and spacing unit, not just the Stevens No. 13-1 well.

 Order Nos. 224432 and 231312 required appellees, or their predecessors in interest, to participate in the costs of drilling and completing the Stevens No. 13-1 or to accept a bonus. Once the election period passed, the property rights vested.[12] Once the property rights vested, the Commission had no power to modify them.[13] By accepting the bonus, appellees assigned their exploratory rights to SKZ, and can assert no right to participate in the subsequent increased density wells.[14] Once appellees received payment of the bonus, SKZ's property rights vested.[15]

## II.

 The Corporation Commission acted in its adjudicatory capacity when issuing Orders Nos. 306469, 307103 and 307104.[16] When in this capacity, the Commission is to be treated as the functional analogue of a court of record, and is a tribunal of limited jurisdiction.[17] Questions concerning jurisdiction may be raised at any time by the parties or by the Court on its own motion, which applies to orders and decrees of the Commission.[18] To be successful, a collateral challenge to a Commission order must show, from the face of the record in the prior proceedings, that at least one of three elements of jurisdiction was absent: jurisdiction over the parties, jurisdiction over the subject matter or jurisdictional power to pronounce the decision under challenge.[19] The only allowable collateral attack to a final order of the Commission is one which attacks the order as being void for a lack of jurisdiction, and which is limited to an examination of the record in the prior case.[20]

 When free from such vitiating infirmity, a pooling order is *res judicata,* but terms of a prior pooling order may be modified by the Commission upon a showing of a change in or knowledge of conditions necessitating the repeal, amendment or modification of the order.[21] Failure to make such a showing renders any modification of a prior order subject to the prohibition on collateral attacks set forth in 52 O.S. 1981, § 111.[22]

By issuing Order Nos. 306469, 307103 and 307104, the Commission, in effect, vacated Order Nos. 224432 and 231312 by repooling the unit.[23] By repooling Section 13, absent a showing of changed conditions or an infirmity in the original pooling orders the Commission exceeded its statutory authority, and therefore, the three orders cannot be allowed.[24]

Corporation Commission Order Nos. 306469, 307103 and 307104 are REVERSED.

12. *Ibid.*

13. *Inexco,* at 405; *Ranola,* at 1119; *Crest Resources v. Corporation Commission,* 617 P.2d 215, 218 (Okl.1980).

14. *Inexco,* at 405; *Ranola,* at 1119.

15. *Ibid.*

16. *Inexco,* at 405; *Amoco,* at 207; *Harry R. Carlile Trust v. Cotton Petroleum,* 732 P.2d 438, 442 (Okl.1986).

17. *Inexco,* at 406; *Munson v. State, ex rel Corporation Commission,* 673 P.2d 839, 842 (Okl. 1983); *Hunton Oil v. Atchison, T. & S.F. Ry. Co.,* 738 P.2d 191, 193 (Okl.1987); *Tenneco Oil Co. v. El Paso Natural Gas,* 687 P.2d 1049, 1050 (Okl. 1984).

18. *Inexco,* at 406; *Tenneco,* at 1052.

19. *Gulfstream Petroleum Corp. v. Layden,* 632 P.2d 376, 379 (Okl.1981).

20. *Kaneb Production Co. v. GHK Exploration Co.,* 769 P.2d 1388, 1392 (Okl.1989); *Mullins v. Ward,* 712 P.2d 55, 59 n. 7 (Okl.1985).

21. *Inexco,* at 406; *Crest Resources,* at 218; *Buttram Energies v. Corporation Commission,* 629 P.2d 1252, 1254 (Okl.1981).

22. *Inexco,* 406; *Nilsen v. Ports of Call Oil Co.,* 711 P.2d 98, 102 (Okl.1985).

23. *Inexco,* at 406.

24. *Inexco,* at 406.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER, ALMA, WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, J., concurs by reason of stare decisis.