## GRACE PETROLEUM CORPORATION and Swift Energy Company, Appellants,

v.

## The CORPORATION COMMISSION OF the STATE of Oklahoma and Helmerich and Payne, Inc., Appellees.

### Nos. 77544 Consolidated with 77548.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 10, 1992.

James M. Peters and James S. Drennan, Oklahoma City, for appellant Grace Petroleum Corp.

Guy E. Taylor, Oklahoma City, for appellant Swift Energy Co.

Lindil C. Fowler, Jr. and Lu Willis, Oklahoma City, for appellee Oklahoma Corp. Com'n.

Richard L. Gore and Martha Martin, Oklahoma City, for appellee Helmerich & Payne, Inc.

## OPINION

HUNTER, Judge:

Appellants, Grace Petroleum Corporation and Swift Energy Company, (Grace, Swift or collectively Appellants) seek review of an order of Appellee, Oklahoma Corporation Commission, (Commission) sitting en banc which granted Appellee, Helmerich and Payne, Inc.'s, (H & P) application to drill an additional well in the unit comprised of Section 27, Township 10 North, Range 12 West, Caddo County, Oklahoma. The history of this unit includes the drilling of a well in 1981 by Amoco Production Company (Amoco). Appellee H & P elected not to participate and chose to receive a one-eighth (⅛) overriding royalty. Amoco as operator drilled the Warren King No. 1 Well to the deepest formation in the pooled unit and obtained production from a shallower stratum. Swift subsequently acquired Amoco's interest.

In 1983 the Commission granted Grace's application to pool the same common sources of supply under Section 27 as those covered by the 1981 Commission Order, but without mention of the first order. H & P elected to participate, and Grace drilled the Mogg–Hawkins No. 1–27 Well to the deepest formation and obtained production from a shallower stratum.

In 1989, H & P filed an application requesting "clarification" of the two prior pooling orders to reflect pooling by the wellbore and not by the unit. The Commission sitting en banc construed the prior orders as having pooled the interests of the owners by the wellbore. The Commission subsequently granted an application of H & P to drill an increased density well. It is this application that is the subject of appeal.

Pooling by the wellbore, rather than the unit, was declared illegal as exceeding statutory powers of the Commission in *Amoco Production Company v. The Corporation Commission of the State of Oklahoma,* 751 P.2d 203 (Okl.App.1986) (approved for publication as modified by the Supreme Court, December 16, 1987). Earlier this year, the Court of Appeals considered the order of the Commission clarifying the prior pooling orders as by the wellbore. The order was reversed in Supreme Court Case Number 76,061. It was held that the order violated the mandate of *Amoco* proscribing wellbore pooling orders from and after the date of that opinion. 751 P.2d at 208. *See* additionally, *Inexco Oil Co. v. Oklahoma Corporation Commission,* 767 P.2d 404 (Okl.1988), *certiorari denied,* 490 U.S.

1040, 109 S.Ct. 1943, 104 L.Ed.2d 414 (1989) and *Amoco Production Company v. Corporation Commission of Oklahoma*, 752 P.2d 835 (Okl.App.1987) (approved for publication by the Supreme Court, March 21, 1988). The Court found that the two pooling orders each unequivocally pooled the mineral interests as a unit.

That order having been reversed, we must now review the Commission's en banc order which found that H & P had standing to seek an increased density well and which approved such application. Both Swift and Grace contend that H & P did not have standing to apply for an increased density well and that the Commission's approval of the well was not supported by substantial evidence. Because the issue of standing is dispositive of this case, we address it alone.

■ H & P owned leasehold interests within the unit when pooled in 1981. H & P elected not to participate in the drilling of the well, but chose instead to receive a one-eighth (⅛) overriding or excess royalty provided in the order. Amoco acquired H & P's 4.24% working interest in the unit. Choosing to not participate in the well, but to instead receive the override royalty, H & P effectively exchanged its exploratory rights for the right to receive the royalty. *SKZ, Inc. v. Petty*, 782 P.2d 939 (Okl.1989); *Ranola Oil Co. v. Corporation Commission of Oklahoma*, 752 P.2d 1116 (Okl. 1988). The property rights of nonparticipating interest owners were transferred to the unit operator by operation of law and are vested. "It is not fair or just to alter the positions of the interest owners after the initial well is drilled." *Amoco*, 751 P.2d at 207.

■ Because of the foregoing, we find that H & P's interest in the pooled unit was defined by its election in 1981 to not participate in the well and is now limited to an overriding royalty. The Commission exceeded its authority by allowing H & P a second election in 1983. Having already participated in this well, however, does not revive to H & P the right to further explore or develop the unit. Its interest is as an overriding royalty owner. Owners of overriding royalty interests are not owners as defined by pooling statutes and are not "a person who has a right to drill and to produce from any common source...." *O'Neill v. America Quasar Petroleum Co.*, 617 P.2d 181, 184 (Okl.1980) (citing 52 O.S.1971, § 86.1(d) and § 87.1(d). "The owner of an overriding royalty interest has no assertable right in the oil and gas leasehold prior to the time when hydrocarbons are reduced to possession." *Id.* Since overriding royalty owners are not "owners" under the pooling statutes, they cannot file a "proper application" as required by 52 O.S.1991, § 87.1(d) to increase the number of wells on the unit.

As a result, the Commission's order must be vacated.

ORDER VACATED.

HANSEN, V.C.J., and BAILEY, P.J., concur.