**EL PASO PRODUCTION COMPANY,**
**Appellant,**

v.

**The OKLAHOMA CORPORATION COM-**
**MISSION, Herbert Oren, Kenneth Oren,**
**Kathryn Oren, Leo Oren, and Ruby Nell**
**Oren, Appellees.**

No. 78425.

Court of Appeals of Oklahoma,
Division No. 3.

Jan. 11, 1994.

H.B. Watson, Jr., Sharon Taylor Thomas, Watson & McKenzie, Oklahoma City, for appellant.

David E. Pepper, Brinda K. White, Linn & Helms, Oklahoma City, for appellees Herbert Oren, Kenneth Oren, Kathryn B. Oren, Leo Oren, and Ruby Nell Oren.

Lindil C. Fowler, Jr., Lu Willis, Oklahoma City, for appellee Com'n.

## OPINION

BAILEY, Judge:

El Paso Production Company (El Paso) seeks review of an order of the Corporation Commission (Commission) denying El Paso's application to drill increased density wells and granting the application of Herbert Oren, Kenneth Oren, Kathryn B. Oren, Leo Oren, and Ruby Nell Oren (collectively, Oren) to despace. Herein, El Paso asserts (1) the Commission exceeded its jurisdiction, in effect determining the private rights of the parties hereto, (2) the Commission's order constitutes an impermissible collateral attack on prior valid spacing and increased density orders, (3) the Commission's order granting despacing and denying increased density drilling promotes waste and violates correlative rights, (4) and the Commission's order violates a state statute proscribing non-uniform size of drilling/spacing units upon a common source of supply.

El Paso operates wells in 52 governmental sections in the South Erick Field and applied for increased density permits. Oren, as mineral interest owners in some of the sections, applied for despacing. The parties' competing applications were consolidated, and before Commission's administrative law judge (ALJ), the parties presented extensive expert testimony in support of their respective positions. The ALJ recommended approval of Oren's despacing request as to those sections in which Oren owned an interest and in which El Paso had not previously drilled increased density wells, but recommended against despacing as to those sections in which Oren held no interest, and suggested re-opening of the case in six months to review El Paso's development efforts. El Paso appealed to an Appellate ALJ, who recommended grant of El Paso's increased density application. The Commission nevertheless adopted the findings of the initial ALJ. El Paso now appeals.

■ In its first proposition, El Paso asserts Commission in effect determined the private rights of the parties, exceeding its jurisdiction.[1] However, we find no such excess of jurisdiction by the Commission as alleged. Oklahoma statute specifically authorizes Commission "to decrease the size of well spacing units or to permit additional wells to be drilled within the established units,"[2] and Commission is vested with the exclusive jurisdiction to adjust the equities as a collateral matter to the protection of "public" rights in common sources of supply.[3] In

---

1. See, e.g., Chicago R.I. & P. Ry. Co. v. State, 158 Okl. 57, 12 P.2d 494 (1932) (no jurisdiction to direct railway to construct private railway crossing); McDaniel v. Moyer, 662 P.2d 309 (Okl. 1983) (no jurisdiction to determine title to property); Lear Petroleum Corp. v. Seneca Oil Co., 590 P.2d 670 (Okl.1979) (no jurisdiction to enter money judgments against any party).

2. 52 O.S. § 87.1(d).

3. 52 O.S. § 87.1; Tenneco Oil Co. v. El Paso Natural Gas, 687 P.2d 1049 (Okl.1984).

the present case, the record reflects Commission's overriding efforts to protect the correlative rights of all those involved in the further development of the common source of supply in the South Erick Field, and the fact that Commission's decision may impact the individual interests of the various parties does not render Commission's decision a proscribed "private" right determination. We therefore hold Commission acted within its jurisdiction in the present case, and reject this proposition of error.

■ In its second proposition, El Paso asserts the complained-of order constitutes an impermissible collateral attack on previous spacing and increased density orders affecting the South Erick Field.[4] In its third proposition, El Paso asserts allowance of despacing promotes waste and violates correlative rights.

However, we again find no error as alleged. As we have previously noted, Oklahoma statute grants Commission broad authority to alter the size of spacing units and/or to allow drilling of increased density wells "upon proper proof ... that such modification of [a previous] order ... will prevent or assist in preventing the various types of wastes prohibited by statute, or ... will protect or assist in protecting the correlative rights of persons interested in [the] common source of supply."[5] In the present case, the parties adduced expert testimony supportive of a determination of the statutory requisites for modification of the Commission's prior orders, and we find no proscribed collateral attack on prior Commission orders, nor promotion of waste, nor violation of correlative rights as alleged. We therefore reject these propositions.

■ In its last proposition, El Paso asserts Commission's order violates the statu-

tory mandate for "drilling and spacing units of ... approximately the same uniform size and shape covering any common source of supply" as in the instant case. However, the Oklahoma Supreme Court has at least tacitly rejected the "same size" argument by affirming Commission orders respacing to different sized units.[6] Finding the Commission's order otherwise unaffected by legal error and supported by the evidence adduced,[7] we therefore conclude the order of the Commission should be affirmed.

The order of the Corporation Commission is therefore AFFIRMED.

HUNTER, P.J., concurs.

GARRETT, V.C.J., not participating.

---

4. *See*, Okl. Const., Art. IX, § 20; 52 O.S. § 111.

5. 52 O.S. § 87.1(d).

6. *See, e.g., Union Texas Petroleum, et al. v. Corporation Commission,* 651 P.2d 652 (Okl.1982); *Landowners, Oil, Gas and Royalty Owners v. Corporation Commission,* 420 P.2d 542 (Okl.1966).

7. *See, e.g., Application of Southwestern Bell Tel. Co.,* 575 P.2d 624 (Okl.1978) (on review of Corporation Commission matters, this Court will not reverse if it finds that the Corporation Commission has regularly pursued its authority, and that the Commission's findings and conclusions are sustained by law and substantial evidence).